IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| SAMUEL NUNLEY, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] No. 2:11-CV- |
| | ] |
| HOUCHENS FOOD GROUP, INC., | ] |
| d/b/a WHITE'S IGA, | ] |
| | ] |
| Defendants. | ] |

COMPLAINT

Plaintiff Samuel Nunley files his claims for relief against the defendant for its age discrimination in employment and avers:

1. The federal question jurisdiction provisions of 29 U.S.C. §1331 empower this Court to adjudicate the plaintiff's federal age discrimination claims. The plaintiff's age discrimination claims are premised upon the provisions of the Age Discrimination in Employment Act, codified at 29 U.S.C. §623 and §626.

2. Plaintiff Nunley is a white male 71 years of age. He was born in 1938 and is a resident of Kingsport, Sullivan County, Tennessee. At the times pertinent to the plaintiffs claims of age discrimination, the plaintiff had been

employed as the Manager of the Dairy and Frozen Foods Department at the White's Grocery Store #14 on John B. Dennis Highway near Bloomingdale when White's sold and transferred all of its area grocery stores to Houchens Industries, now known as Houchens Food Group, Inc.

  3. Defendant Houchens' Food Group, Inc., is the successor employer to White's and was actually the plaintiff's employer when it discriminatorily discharged him because of his age. Houchens' corporate headquarters is at 700 Church Street, Bowling Green, Ky. 42101. Its registered agent is listed as the CT Corporation System, 899 S. Gay Street, Suite 2921, Knoxville, TN 37929. Shortly after purchasing White's food stores, Houchens changed its operating name to White's IGA. Houchens employs more than 10,000 individuals and operates 425 grocery stores and convenience markets, in the eastern United States including Piggly-Wiggly and Save-A-Lot.

  4. White's had operated several grocery stores in the Tri-Cities area of upper East Tennessee for years. In January 2009, Houchens, Inc., arranged with White's to purchase all of its stores and began making employment decisions regarding the individuals who had worked for White's. Houchens then continued to operate the purchased White's grocery stores with the same corporate managers, store manages, and the same general compliment of employees.

2
Case 2:11-cv-00138-JRG-DHI   Document 1   Filed 05/09/11   Page 2 of 5   PageID #: 2

5. Plaintiff Nunley had been employed with White's for 18 months prior to Houchens' discharging him because of his age. He had never been reprimanded regarding his work performance. The plaintiff had prior retail grocery experience working for Oakwood Markets in Kingsport and had more recently managed and operated a local milling business.

6. A corporate representative from defendant Houchens visited the plaintiff's store in early February 2009 and assured employees that Houchens needed their experience and would retain them as employees. Store manager Steve Sargent advised the plaintiff and other department managers that Houchens would issue them a paycheck every Friday instead of making electronic deposits as White's had done and that they would have a new clock-in procedure.

7. On February 19, 2009, Mr. Tracy Banks, who had been a corporate operations manager for White's and continued in that position for defendant Houchens, met with the plaintiff in store manager Steve Sargent's office. Banks told the plaintiff that Houchens would not hire him. But defendant Houchens continued to employ the other department managers at the store and at the other stores it purchased from White's.

8. Houchens immediately moved 19-year-old Daniel Ketron from the produce manager's position into the plaintiff's former Dairy and Frozen

3

Food manager position. The company then hired a 34-year-old former Kingsport area glass plant employee to perform Ketron's former produce manager's duties. Both employment decisions are compelling evidence of the defendant's age discrimination.

9. Whether the defendant's adverse employment action regarding Mr. Nunley is regarded as a "discharge," "a failure to retain," or as a "refusal to hire," it constitutes age discrimination and a violation of the ADEA. The plaintiff avers that the defendant's suddenly discharging him and replacing him with a much younger inexperienced man and hiring a younger man to fill his replacement's vacated position was age discrimination and was willful, deliberate, and in reckless disregard of the plaintiff's federally protected rights. The plaintiff avers that he is entitled to all money damages and liquidated damages afforded him by the ADEA.

10. The plaintiff has been unable to locate comparable employment in the area. As a result of the defendant's willful age discrimination, the plaintiff's earning capacity has been destroyed and his enjoyment of life has been diminished. The plaintiff has suffered lost wages and benefits and will continue to lose wages in the future.

11. The plaintiff has filed age discrimination charges with the EEOC, has received his right-to-sue letter, and has exhausted his administrative

remedies.

WHEREFOR THE PLAINTIFF DEMANDS:

1. Judgment against the defendant for all money damages due him as a result of the defendant's age discrimination.

2. Judgment against the defendant for liquidated damages as a result of the defendant's willful age discrimination.

3. An award of front pay from the defendant.

4. A jury to try the plaintiff's claims.

5. An award of attorney's fees as the prevailing party.

6. Such other relief to which the plaintiff may be entitled.

s/ C. R. DeVault, Jr.
CHARLTON R. DEVAULT, JR.
TN BPR #000428
102 Broad Street
Kingsport, Tennessee
(423) 246-3601

ATTORNEY FOR THE PLAINTIFF